

FILED

JAN 1 5 2026

Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TENNESSEE

AT CHATTANOOGA

CHARLES GARY BLANKENSHIP II,   )
                                )
                                )
    Plaintiff,                  )
                                )
                                )
v.                              )
                                )   1:26-CV-13
                                )
HAMILTON COUNTY, TENNESSEE;     )
HAMILTON COUNTY CIRCUIT COURT CLERK,  )
in official capacity only;      )
SHIRLEY JEAN BLANKENSHIP,       )
                                )
                                )
    Defendants.                 )

CIVIL RIGHTS COMPLAINT

(42 U.S.C. § 1983)

(JURY TRIAL DEMANDED)

Plaintiff Charles Gary Blankenship II ("Plaintiff"), for his Complaint against Defendants, states as follows:

I. INTRODUCTION

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 to redress systemic procedural due process violations, denial of meaningful access to the courts, and joint action under color of state law, which resulted in the dismissal with prejudice of Plaintiff's civil claims without constitutionally adequate notice or opportunity to be heard.

2. Plaintiff does not seek appellate review of any state-court judgment and does not ask this Court to reverse, vacate, reinstate, or otherwise modify any state-court order. Plaintiff seeks relief solely for independent federal constitutional injuries arising from administrative notice failures and policy-level practices attributable to Hamilton County, together with damages and prospective declaratory and injunctive relief to prevent recurrence.

---

II. JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

4. Declaratory and injunctive relief are authorized under 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Hamilton County, Tennessee.

---------------------------------------------------

III. PARTIES

6. Plaintiff Charles Gary Blankenship II is a resident of Hamilton County, Tennessee.

7. Defendant Hamilton County, Tennessee is a municipal entity responsible for policies, customs, practices, training, and supervision governing court administration, docketing, and notice procedures within Hamilton County.

8. Defendant Hamilton County Circuit Court Clerk is sued in official capacity only and solely for prospective declaratory and injunctive relief related to ministerial and administrative notice functions, including docketing, notice generation, notice transmission, and verification of notice prior to dispositive action. Plaintiff does not seek

monetary damages from the Clerk.

9. Defendant Shirley Jean Blankenship is a private individual who acted jointly and in concert with state actors by knowingly exploiting procedural notice failures to obtain dismissal without opposition, rendering her conduct fairly attributable to the state.

---------------------------------------------------

IV. FACTUAL ALLEGATIONS

10. Plaintiff initiated a civil action in Hamilton County Circuit Court asserting non-frivolous claims and seeking adjudication on the merits.

11. A dispositive hearing, deadline, or procedural event was set without Plaintiff receiving actual or constitutionally sufficient notice.

12. Plaintiff did not receive notice by mail, electronic filing system, docket alert, telephone communication, or any other constitutionally adequate means prior to the dispositive action.

13. At the time the dismissal with prejudice was entered, no certificate of service, proof of mailing, electronic transmission record, or other verified confirmation of notice existed in the court file, nor was any such verification required or performed

prior to dispositive action.

14. Without notice or opportunity to be heard, Plaintiff's case was dismissed with prejudice, permanently foreclosing his claims.

15. Plaintiff first learned of the dismissal only after applicable deadlines had expired, rendering ordinary corrective remedies unavailable.

15a. Because Plaintiff did not receive notice until after jurisdictional and procedural deadlines had expired, Plaintiff was deprived of any meaningful opportunity to seek reconsideration, appeal, or other corrective relief, resulting in a permanent and irreparable loss of his claims.

16. These failures were not isolated clerical errors but occurred within a system lacking safeguards to ensure notice was generated, transmitted, and verified before dispositive action.

17. Hamilton County maintained policies, customs, practices, and/or deliberate failures to train and supervise that allowed dismissal with prejudice to occur absent verified notice, including failure to require confirmation of service prior to dismissal.

18. Defendant Shirley Jean Blankenship knew or reasonably should have known that Plaintiff had not received notice of the dispositive proceeding and nonetheless

proceeded to obtain and enforce dismissal without opposition, thereby knowingly exploiting state-created procedural failures.

19. As a direct and proximate result of Defendants' actions and omissions, Plaintiff lost his pending civil claims, his right to be heard, and meaningful access to adjudication on the merits.

---

V. CLAIMS FOR RELIEF

COUNT I

Procedural Due Process – Fourteenth Amendment

(42 U.S.C. § 1983)

Against Hamilton County

20. Plaintiff incorporates paragraphs 1 through 19.

21. Plaintiff possessed a protected property interest in his pending civil claims.

22. Hamilton County's policies, customs, practices, and failures to train and supervise were the moving force behind the deprivation of notice and opportunity to be heard.

23. Dismissal with prejudice without notice violates clearly established due process principles, including Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950), and Mathews v. Eldridge, 424 U.S. 319 (1976).

---

COUNT II

Denial of Access to Courts

(42 U.S.C. § 1983)

Against Hamilton County

24. Plaintiff incorporates paragraphs 1 through 23.

25. Plaintiff's underlying civil claims were non-frivolous and actionable.

26. Defendants' conduct foreclosed Plaintiff's ability to litigate those claims in a meaningful manner.

27. The dismissal with prejudice caused a complete and irreparable loss of legal remedies, satisfying the requirements of Christopher v. Harbury, 536 U.S. 403 (2002).

---

## COUNT III

Joint Action Under Color of State Law

(42 U.S.C. § 1983)

Against Shirley Jean Blankenship

28. Plaintiff incorporates paragraphs 1 through 27.

29. Defendant Shirley Jean Blankenship acted jointly with state actors by knowingly exploiting procedural notice failures to obtain dismissal without opposition.

30. Her conduct is fairly attributable to the state under Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982).

---

## VI. DAMAGES

31. Plaintiff suffered loss of claims, emotional distress, reputational harm, and economic injury.

32. Plaintiff seeks compensatory and nominal damages against Defendants.

33. Plaintiff seeks punitive damages solely against Defendant Shirley Jean Blankenship.

---

## VII. DECLARATORY AND INJUNCTIVE RELIEF

34. Plaintiff seeks a declaration that Defendants' notice practices violate the Fourteenth Amendment.

35. Plaintiff seeks prospective injunctive relief requiring constitutionally adequate notice verification before dispositive action.

---

## VIII. JURY DEMAND

36. Plaintiff demands trial by jury on all issues so triable.

---

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Award compensatory damages;

B. Award nominal damages;

C. Award punitive damages against Defendant Shirley Jean Blankenship;

D. Grant declaratory relief;

E. Grant prospective injunctive relief;

F. Award costs and fees as allowed by law;

G. Grant such other relief as the Court deems just and proper.

---

Respectfully submitted,

*/s/ Charles Gary Blankenship II*

CHARLES GARY BLANKENSHIP II

Plaintiff, Pro Se

1550 Courtland Drive

Hixson, Tennessee 37343

(423) 779-8887

cgaryblankenship@gmail.com

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TENNESSEE

AT CHATTANOOGA

| | |
|---|---|
| CHARLES GARY BLANKENSHIP II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HAMILTON COUNTY, TENNESSEE; | ) |
| HAMILTON COUNTY CIRCUIT COURT CLERK, | ) |
| in official capacity only; | ) |
| SHIRLEY JEAN BLANKENSHIP, | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Civil Rights Complaint is being submitted for filing with the Clerk of the United States District Court for the Eastern District of Tennessee.

At the time of filing, Defendants have not yet been served. Upon issuance of summons by the Clerk, Plaintiff will cause service of process to be effected upon all Defendants in accordance with Federal Rule of Civil Procedure 4 at the following addresses:

Hamilton County, Tennessee

625 Georgia Avenue

Chattanooga, Tennessee 37402

Hamilton County Circuit Court Clerk

(official capacity only)

Hamilton County Courts Building

625 Georgia Avenue

Chattanooga, Tennessee 37402

Shirley Jean Blankenship

81 Stornaway Drive

Jackson, Tennessee 38305

Thereafter, once any Defendant has appeared in this action, all subsequent filings will be served in accordance with Federal Rule of Civil Procedure 5.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 1/9/26

*Charles Gary Blankenship II* (signature)

CHARLES GARY BLANKENSHIP II

Plaintiff, Pro Se

1550 Courtland Drive

Hixson, Tennessee 37343

(423) 779-8887

cgaryblankenship@gmail.com

625 Georgia Avenue, Suite 500

Chattanooga, TN 37402


Hamilton County Circuit Court Clerk

Attn: Circuit Court Clerk

625 Georgia Avenue, Suite 500

Chattanooga, TN 37402


Formal service of process will be completed in accordance with Rule 4 of the Federal Rules of Civil Procedure.


Respectfully submitted,

/s/ Charles Gary Blankenship II

Charles Gary Blankenship II

1550 Courtland Dr Hixson, TN 37343

Plaintiff, Pro Se