UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE



FILED

JAN 1 5 2026

Clerk, U. S. District Court
Eastern District of Tennesse.
At Chattanooga

CHARLES GARY BLANKENSHIP II,

Plaintiff,

v.                          Civil Action No. 1:26-CV-13

HAMILTON COUNTY, TENNESSEE;

THE HAMILTON COUNTY CIRCUIT COURT CLERK,

in official capacity; and

SHIRLEY JEAN BLANKENSHIP, individually,

Defendants.

### PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

### AND PRELIMINARY INJUNCTION (LIMITED)

Plaintiff Charles Gary Blankenship II ("Plaintiff"), proceeding pro se, pursuant to Rule 65

of the Federal Rules of Civil Procedure, respectfully moves this Court for a Temporary

Restraining Order and Preliminary Injunction limited to preventing ongoing and imminent

constitutional harm arising from Defendants' misuse and concealment of judicial process.

In support, Plaintiff states as follows:

## I. INTRODUCTION AND RELIEF SOUGHT

1. This motion seeks narrow, procedural injunctive relief to preserve the status quo and prevent further deprivation of Plaintiff's constitutional rights while this action is pending.

2. Plaintiff does not seek to enjoin, dismiss, or interfere with any state criminal prosecution, nor does Plaintiff request this Court to review or invalidate any criminal proceeding.

3. Plaintiff seeks relief preventing Defendants from:

   (a) exploiting undisclosed or procedurally defective judicial processes;

   (b) retaliating against Plaintiff through misuse of civil or quasi-civil mechanisms;

   (c) destroying or withholding evidence relevant to this action; and

   (d) relying on a procedurally defective dismissal for collateral or preclusive purposes.

4. Absent immediate relief, Plaintiff faces a substantial risk of continuing constitutional injury, evidentiary spoliation, and compounding denial of access to courts.

## II. FACTUAL BACKGROUND

5. Plaintiff incorporates by reference the factual allegations set forth in the Complaint, including:

a. The dismissal of Plaintiff's Hamilton County Circuit Court case following a dispositive hearing conducted without notice;

b. The entry of that dismissal nunc pro tunc;

c. The existence and concealment of a parallel criminal warrant issued months earlier while Plaintiff actively litigated civil claims and sought injunctive relief; and

d. Defendant Shirley Jean Blankenship's exploitation of those procedural defects while opposing Plaintiff's civil actions.

## III. LEGAL STANDARD

6. A temporary restraining order or preliminary injunction may issue where the movant demonstrates:

(1) a likelihood of success on the merits;

(2) irreparable harm absent relief;

(3) that the balance of equities favors the movant; and

(4) that the injunction is in the public interest.

Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

7. When a plaintiff alleges ongoing constitutional violations, irreparable harm is presumed. Obama for America v. Husted, 697 F.3d 423, 436 (6th Cir. 2012).

## IV. ARGUMENT

### A. Plaintiff Is Likely to Succeed on the Merits

8. Plaintiff has demonstrated a strong likelihood of success on his claims for procedural due process, denial of access to courts, and municipal liability under 42 U.S.C. § 1983.

9. Dispositive rulings entered without notice or opportunity to be heard violate the Fourteenth Amendment as a matter of law, regardless of the underlying merits. Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80 (1988); Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982).

### B. Plaintiff Faces Irreparable Harm Absent Injunctive Relief

10. Plaintiff faces irreparable harm because Defendants may continue to exploit procedural defects, retaliate through misuse of judicial processes, and destroy or alter evidence relevant to this action.

11. The procedurally defective dismissal may also be invoked for collateral or preclusive purposes, causing continuing constitutional injury not fully remediable by damages.

### C. The Balance of Equities Favors Plaintiff

12. The requested relief imposes no undue burden on Defendants and merely requires compliance with constitutional process and evidence preservation obligations.

13. By contrast, denial of relief would subject Plaintiff to continuing and compounding constitutional harm.

D. The Public Interest Supports Injunctive Relief

14. The public has a compelling interest in transparent judicial proceedings, protection of pro se litigants' constitutional rights, and preventing misuse of court processes.

V. REQUESTED INJUNCTIVE RELIEF

Plaintiff respectfully requests that the Court enter an Order:

A. Enjoining Defendants from initiating, coordinating, or enforcing any civil or quasi-civil process against Plaintiff that relies on undisclosed, previously concealed, or procedurally defective notices, orders, or warrants pending resolution of this action;

B. Enjoining Defendants from retaliating against Plaintiff through misuse or coordination of judicial or administrative processes in response to Plaintiff's protected litigation activity;

C. Requiring Defendants Hamilton County and the Circuit Court Clerk to preserve all records, communications, logs, metadata, and electronically stored information relating to notice practices, hearing scheduling, docketing, and inter-agency communications concerning Plaintiff; and

D. Prohibiting Defendants from relying on the procedurally defective dismissal in Hamilton County Circuit Court Case No. 25-C-620 for collateral, preclusive, or estoppel purposes pending final resolution of this action.

## VI. SECURITY

15. Plaintiff respectfully requests waiver of any bond requirement pursuant to Rule 65(c), as this motion seeks to prevent constitutional injury and imposes no monetary harm on Defendants.

## VII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Motion be granted.

Respectfully submitted,

/s/ Charles Gary Blankenship II

Charles Gary Blankenship II

Plaintiff, Pro Se

1550 Courtland Dr Hixson TN 37343

423-779-8887

Date: 1/9/26